UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE SCOTT BOUTTE,

    Petitioner,

    v.                            CAUSE NO. 3:18-CV-767-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Lance Scott Boutte, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for child molestation under Case No. 02D04-9612-CF-606. Following a guilty plea, on May 15, 1997, the Allen Superior Court sentenced him to five years of incarceration. The Warden responds that the petition should be denied for untimeliness and procedural default. Mr. Boutte replies that the court should excuse these procedural defects under the "actual innocence" exception. He sats he isn't guilty by reason of mental insanity due to his mental condition when he committed the crime in 1996.

A claim of actual innocence may serve as an excuse to procedural bar and untimeliness. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Herrera v. Collins, 506 U.S. 390, 404–405 (1993). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." Schlup v. Delo, 513 U.S. 298, 324 (1995). The actual innocence exception extends to "the affirmative defense of insanity." Britz v. Cowan, 192 F.3d

1101, 1103 (7th Cir. 1999). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536–537 (2006). "The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup v. Delo, 513 U.S. 298, 328 (1995). In this context, evidence is "new" only if it is reliable and wasn't presented at trial. Gladney v. Pollard, 799 F.3d 889, 898 (7th Cir. 2015).

On the issue of insanity as an affirmative defense to criminal charges, the Indiana Supreme Court has said this.

> To sustain a conviction, the State must prove each element of the charged offense beyond a reasonable doubt. Even where the State meets this burden, a defendant in Indiana can avoid criminal responsibility by successfully raising and establishing the insanity defense. A successful insanity defense results in the defendant being found not responsible by reason of insanity ("NRI").
>
> The defendant bears the burden of establishing the insanity defense by a preponderance of the evidence. To meet this burden, the defendant must establish both (1) that he or she suffers from a mental illness and (2) that the mental illness rendered him or her unable to appreciate the wrongfulness of his or her conduct at the time of the offense. Thus, mental illness alone is not sufficient to relieve criminal responsibility. Rather, a defendant who is mentally ill but fails to establish that he or she was unable to appreciate the wrongfulness of his or her conduct may be found guilty but mentally ill ("GBMI").
>
> Whether a defendant appreciated the wrongfulness of his or her conduct at the time of the offense is a question for the trier of fact. Indiana Code section 35–36–2–2 provides for the use of expert testimony to assist the

2

> trier of fact in determining the defendant's insanity. Such expert testimony, however, is merely advisory, and even unanimous expert testimony is not conclusive on the issue of sanity. The trier of fact is free to disregard the unanimous testimony of experts and rely on conflicting testimony by lay witnesses. And even if there is no conflicting lay testimony, the trier of fact is free to disregard or discredit the expert testimony.

Galloway v. State, 938 N.E.2d 699, 708–709 (Ind. 2010).

Mr. Boutte was convicted for an incident of child molestation that took place on November 14, 1996. PCR Ex. B. The record contains medical records indicating that Mr. Boutte experienced symptoms associated with schizophrenia in 1996 and 1997, and that he has suffered from mental illness throughout the entirety of his adult life. Only two articles of evidence specifically relate to Mr. Boutte's mental condition on the date of the crime. First, medical records reflect that Mr. Boutte went to the emergency room on November 14, 1996, and reported hearing vague voices and taking street drugs. PCR Ex. M. The physician didn't note that she observed any abnormalities but assessed possible exacerbation of psychosis secondary to noncompliance and drug abuse by history. Id. She also granted Mr. Boutte's request for Haldol. Id. Second, the probable cause affidavit, dated November 26, 1996, reflects that Mr. Boutte reported that he had no memory of November 14, 1996, due to his drug use. PCR Ex. B.

This evidence doesn't adequately show that Mr. Boutte is actually innocent based on the affirmative defense of insanity. To start, the evidence that Mr. Boutte had an abnormal mental state on the date of crime comes only from his own reports, with no corroboration, and a jury could reasonably decline to credit these self-reports

3

given Mr. Boutte's interest in minimizing his culpability for the incident of child molestation. Further, Mr. Boutte's arguments suggest his belief that hearing voices, drug use, and the inability to recall events twelve days later equate to the inability to appreciate the wrongfulness of his conduct. These conditions might be consistent with the inability to appreciate wrongfulness of conduct in some circumstances, but they don't necessarily amount to legal insanity. See e.g., Madison v. Alabama, 139 S. Ct. 718, 722 (2019) (State may execute sentence even if defendant has no memory of crime); Gardner v. State, 419 N.E.2d 749, 752 (Ind. 1981) (hearing voices); Bloomfield v. State, 61 N.E.3d 1234, 1240 (Ind. App. 2016) (drug use). A jury could have credited Mr. Boutte's reports to medical staff and law enforcement while reasonably concluding that the reported conditions were inadequate to satisfy Mr. Boutte's burden of proof for the affirmative defense of insanity.

In sum, Mr. Boutte's habeas claims are procedurally barred and untimely. After reviewing the record, the court can't find that no reasonable jury would have found Mr. Boutte guilty in the light of evidence about his mental condition. Mr. Boutte hasn't demonstrated his actual innocence, so the court denies the petition for habeas relief.

## CERTIFICATE OF APPEALABILITY

Under Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a

constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Mr. Boutte to proceed further.

For these reasons, the court DENIES the amended habeas corpus petition (ECF 6); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on June 10, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT